IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ICON PSG 1 FL, LLC,** | : | |
| | : | CIVIL ACTION |
| v. | : | No. 25-0044 |
| | : | |
| **JENKINS COURT REALTY CO., L.P.** | : | |

# ORDER

This 21st day of February, 2025, following review of Plaintiff ICON PSG 1 FL, LLC's Motion for Expedited Appointment of a Receiver, ECF 5, it is hereby ORDERED as follows:

1) The Receivership Motion is **GRANTED**.

2) Trigild IVL, LLC is appointed receiver ("Receiver") over all property in or upon which Plaintiff has a mortgage, lien, security interest, or assignment, including the Property owned by Defendant, Jenkins Court Realty Co., L.P. ("Defendant") located at 610 Old York Road, Jenkintown Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8 ("Property"), and all of the rents, incomes, revenues, and profits from the Property. The Receiver shall have all the usual powers and duties of receivers in such cases including, without limitation, the power to apply all monies collected by the Receiver to the necessary preservation of the Property, or as this Court otherwise may direct.

3) **Receiver's Bond.** The Receiver shall post a bond or cash in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00) within fifteen (15) days of the entry of this Order (the "Bond"). Any Bond shall be provided by a corporate surety, guaranteeing performance by the Receiver of the duties and obligations of its office of receivership, with the Bond providing coverage to Plaintiff and Defendant for loss due to the acts of the Receiver and its agents, servants, or employees. The Receiver shall be liable only for acts of omissions which constitute gross negligence or willful misconduct. The Receiver shall have no personal responsibility for any

obligations of Defendant.

4) **<u>Receivership Estate</u>**.  Upon entry of this Order, subject to the rights and interests of Plaintiff, the Receiver is hereby directed and empowered to take from Defendant, its agents, employees, representatives, and all of their affiliates and subsidiaries who not have or may in the future have any interest in the, immediate, complete, and exclusive possession and control of the Property, wherever located, including all payments, rents, incomes, revenues, and profits arising from the Property, all accounts, books, records, keys, equipment, and such other personally which may be found on or off the Property that relate in any way to the operation of the Property and which are subject to the mortgage, liens, or security interest of Plaintiff (collectively, the "<u>Receivership Estate</u>").

5) **<u>Accounting by Defendant</u>**.  Within thirty (30) calendar days from the date hereof, Defendant shall prepare and file with the Court and serve on all parties hereto a detailed accounting of all income, expenses, receivables, and payables relating to the Property from the date of the most recent audited financial statement to the present.

6) **<u>Operation of the Receivership Estate</u>**.  The Receiver is appointed to take charge of, and to use, manage, operate, and protect the Receivership Estate, and is granted all of the rights, duties, powers, authority, and responsibility of a court-appointed receiver, including those reasonably necessary to accomplish the purpose of this receivership.

   a) <u>Possession of the Receivership Estate</u>.  The Receiver is authorized and directed to enter upon, take possession of, and assume exclusive control of the Receivership Estate, wherever located, including, but not limited to (i) the Property; (ii) all inventory, equipment, and improvements at the Property; and (iii) all books, records, and personal property relating to the Receivership Estate.  The Receiver is also authorized to demand, receive, collect, take possession of, and preserve all accounts related to the Receivership Estate and to exercise any and all intangible rights.  The Receiver shall collect from Defendant and/or others all sums now due and unpaid or which hereafter shall become due during the pendency of this action arising out of or related to the Property.

b) <u>Exclusion of Defendant</u>.  The Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, owners, affiliates, subsidiaries, and parent companies from possessing or operating the Property, except as expressly provided for in this Order or as may be expressly agreed by Plaintiff in writing in each instance, and it may change any and all locks at the Property.

c) <u>Exercise of Ownership Rights</u>.  The Receiver is authorized to exercise all rights as to the ownership of the Property subject to the limitations herein set forth.  The Receiver shall assume and exercise exclusively the powers and prerogatives of the board of directors, shareholders, and management of Defendant with respect to the Property.

d) <u>Construction Projects</u>.  The Receiver is authorized to take over, perform, resume, and/or complete any and all construction projects at the Property (collectively, the "<u>Construction Projects</u>") that are being performed by Defendant or its agents or contractors, were previously performed by Defendant or its agents or contractors, or are specified or contemplated in the loan documents between Plaintiff and Defendant evidencing the debt secured by the Property (collectively, the "<u>Loan Documents</u>").

e) <u>Authority to Contract</u>.  The Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Property or the Construction Projects.  The Receiver shall not be bound by any contract between Defendant and any third party that the Receiver does not expressly assume in writing related to the Property or the Projects.  It may also rent, lease, or license from time to time any part of the Property as may be deemed appropriate, and remove any tenant, lessee, or other person or entity from the Property as may be deemed appropriate by the Receiver, to the extent consistent with Pennsylvania law.

f) <u>Collection of Revenues</u>.  The Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that may arise from the use or operation of the Property or are generated from the Receivership Estate (collectively, the "<u>Revenues</u>"), including any Revenues (i) received or collected by Defendant on or after the entry of this Order; (ii) currently due; (iii) hereafter becoming due; or (iv) due prior to the date of this Order, but only to the extent such rents have been withheld by any tenant and not paid to Defendant.  The Receiver is authorized to contact employees, tenants, subtenants, lessees, sublessees, lessors, account debtors, and/or any other parties to contracts or otherwise regarding the Receivership Estate and to receive, collect, and preserve from them all Revenues and other sums due to Defendant (as related to the Property).

g) <u>Employment of Agents</u>.  The Receiver may appoint, employ, and retain agents, employees, independent accountants, brokers, property management companies, auctioneers, legal counsel, and other similar professionals or personnel, any of which may be affiliates of the Receiver, that are reasonably necessary to take charge of, repair, operate, maintain, and to the extent necessary, liquidate, the Receivership Estate or to assist the Receiver in the performance of its duties pursuant to this appointment.  The Receiver shall have the right to direct and supervise the activities of all professionals and personnel so retained and may pay

3

reasonable value for those services from the revenues or proceeds of the Property, provided that any professional management company, broker, or contractor retained by the Receiver shall be engaged on terms which are reasonably satisfactory to Plaintiff. The Receiver is further authorized to discharge and terminate any such persons or entities currently in place or retained by it after the date of this Order. The Court reserves the right to determine hereafter the fair and reasonable compensation for all such persons retained by the Receiver, if any.

h) Preservation of the Receivership Estate. The Receiver shall care for, conserve, protect, preserve, improve, and maintain the Receivership Estate, and incur reasonable expenses which, in the Receiver's judgment and subject to the payment limitations provided in paragraph 7 below, are necessary and proper to continue, operate, maintain, and preserve the Receivership Estate including, but not limited to, incurring expenses relating to security for the Property; providing pest control; obtaining estimates and reports and making repairs in conformity therewith; providing water, garbage collection, and utilities; purchasing merchandise, materials, and supplies and services at the ordinary and usual rate and prices for such items out of the funds of the Receivership Estate; and undertaking and performing the Projects either previously undertaken by Defendant or those specified or contemplated under the Loan Documents.

i) Payment of Necessary Expenses. Subject to the payment limitations provided in paragraph 7 below, the Receiver is authorized and instructed to pay from the revenues of the Property the ordinary and necessary expenses of operating, preserving, and maintaining the Property incurred from and after the date of the Receiver's appointment and said other reasonable expenses necessary to maintain the Property, including any property taxes, assessments, payments in lieu of taxes, utility charges, and/or Project-related costs and expenses. The Receiver shall also have the power and authority, subject to the approval of Plaintiff, to pay expenses incurred or related to the Property which were incurred prior to the appointment of the Receiver.

j) Establish Accounts for Receivership Estate. The Receiver shall deposit all Revenues generated by the Property in a segregated interest-bearing account at a financial institution approved by Plaintiff.

k) Budget. The Receiver shall prepare a reasonable monthly operating budget for the Property which shall be submitted to Plaintiff for its approval. The initial budget shall be submitted within thirty (30) calendar days of this Order. At Plaintiff's request, the Receiver shall also produce an annual budget. The budget, once approved by Plaintiff, shall deemed the "Budget" for all purposes set forth in this Order.

l) Limited Borrowing Capacity. The Receiver shall have the right, but not the obligation, to borrow funds from Plaintiff (to the extent Revenues generated by the Property are insufficient) in order to meet the Property's working capital needs, but only in such amounts and to the extent permitted under the Loan Documents and on such terms and conditions agreeable to Plaintiff and with Plaintiff's prior written consent. Repayment of any such loans

4

    shall be secured by all of the mortgages, liens, security interest, and assignments upon the Property previously granted, transferred, or otherwise conveyed by Defendant to Plaintiff, and any such loans shall be treated as secured debt of Defendant. Plaintiff shall have no obligation to make any loans or credit accommodations to the Receiver.

m) <u>Actions to Preserve the Estate</u>. The Receiver is authorized to institute, prosecute, defend, compromise, intervene in, and settle such suits, actions, and proceedings as the Receiver deems necessary in its reasonable judgment, relating to the protection, maintenance, operation, enhancement, or preservation of the Receivership Estate, or the performance of its obligations under this Order (including but not limited to, the institution of actions to collect rents, evict tenants, and recover rents or portions of the Property), and to employ counsel as may be necessary for such proceedings, and to pay the reasonable value of services rendered out of funds of the Receivership Estate, and thereafter to report to the Court at reasonable intervals upon such proceedings. The Receiver is also authorized to challenge the validity, enforcement, and amount of any taxes accruing on the Property, including any assessment or claim of taxes due by Defendant or any third-party. Furthermore, the Receiver shall have the exclusive right and power to assert and prosecute any and all claims, counterclaims, and crossclaims that Defendant ever had, now has, or may in the future have, whether known or unknown, against any and all parties related in any way to the Loan Documents and/or the Property, including, without limitation, claims for breach of contract, negligence, fraud, or based on any other theory of liability, against Plaintiff, its subsidiaries, affiliates, owners, agents, and/or employees. The powers set forth in the prior sentence shall be in the sole possession and control of the Receiver with the intent to make the Receiver a required or indispensable party in any litigation.

n) <u>Insurance Coverage</u>. The Receiver shall obtain or continue such insurance coverage for the Receivership Estate as it deems reasonably necessary, but in no event shall the Receiver maintain insurance in an amount less than that required under the Loan Documents. Upon the expiration of the paid-up portion of any insurance policy, the Receiver shall have the responsibility for keeping the Property insured and may, at its option, keep in force the existing insurance coverage or obtain new coverage for the Property subject to the requirements herein. The Receiver shall have itself and Plaintiff named as additional insureds on all applicable polices for the period that it shall be in possession of the Receivership Estate. The Receiver shall also insure the acts and conduct of the Receiver and those persons who it may employ to carry out the duties upon it. The Receiver shall provide to the Court and Plaintiff proof that it has been insured and bonded for the purposes of performing all acts contemplated in this Order, and that proper insurance has been put on the Property within thirty (30) calendar days of the entry of this Order. No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver without prior order of this Court.

o) <u>Maintain Compliance with Applicable Law</u>. The Receiver shall take all such actions and expend all such sums as may be necessary to obtain, maintain in effect, or transfer all licenses, insurance, zoning approvals, and other approvals necessary or required to maintain or operate the Property.

    p) <u>Plan to Maximize Revenues and Sell the Property</u>. The Receiver is empowered to explore all available options for increasing the revenues created by the Property and to explore all available options for the sale of the Property by any reasonable means that will, within the Receiver's business judgment, maximize the realization from the sale of the Property. Subject to Plaintiff's prior written approval, the Receiver will file a report making recommendations to the Court with regard to the use and/or marketing and disposition of the Property. The Receiver, upon its own initiative or at the direction of Plaintiff, and with or without the assistance of a broker, may market and sell all or any part of the Property either pursuant to the rights granted under the Loan Documents or as otherwise provided at law or equity. With respect to any possible sale of the Property, the Receiver shall not enter into any contract for sale unless the Receiver is requested to do so in writing by Plaintiff and the sale is subject to confirmation by the Court on regular notice to the parties to his case. Notwithstanding the foregoing, nothing contained in this paragraph or this Order shall alter, modify, subordinate, or impair any existing rights, interests, or remedies of Plaintiff, including but not limited to Plaintiff's rights under the Loan Documents.

    q) <u>Make payments Pursuant to the Loan Documents</u>. The Receiver may pay amounts which are owed to Plaintiff pursuant to the Loan Documents as the Receiver receives Revenues sufficient to make such payments and pursuant to the priority provided in this Order.

    r) <u>Ancillary Powers of the Receiver</u>. The Receiver is hereby authorized and directed to operate and manage the Property in the best interests of Plaintiff and to take all action deemed reasonable and necessary to ensure compliance with all applicable requirements imposed by local, state, or federal law, and regulations promulgated by the Commonwealth of Pennsylvania (or any corresponding federal agency or agencies). The Receiver may generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Property or the Revenues, or to implement the terms of this Order.

    s) <u>Access</u>. The Receiver shall take possession of all keys and/or other means of gaining entry to the Property, and through any security system, in order to perform the Receiver's duties. The Receiver may engage a locksmith for the purpose of gaining entry or access to the Property, through any security system, and into any offices or locked drawers, cabinets, safe deposit boxes, and the like, in order to obtain any documents or property to which the Receiver is entitled to under this Order. The Receiver may either have the locks changed or create a key that will access the current locks.

**7) <u>Expenditures</u>.**

    a) <u>Payment Priority</u>. The Receiver shall apply all Revenues arising from or collected from the Receivership Estate, monthly or more often, to the following expenditures, in such order of priority as the Receiver shall determine:

        (1) FIRST, to the extent funds are not otherwise available from Defendant, to the necessary and reasonable costs of maintaining, managing, operating, and preserving the Receivership Estate as provided in the Budget approved by Plaintiff or the Court,

        including payments to the Receiver for protection of the Property and the payment of all licenses, permits, and agreements that the Receiver shall deem necessary and in the best interest of preserving the Property and for the continued operation thereof, including the fees of the Receiver as set forth herein and any broker and/or management company hired by the Receiver, all in accordance with applicable local, state, and federal law and regulations;

    (2) SECOND, to the reasonable out-of-pocket expenses of the Receiver, including all advances made by the Receiver, or to the repayment of any payments or advances made by Plaintiff, reasonably necessary to preserve or conserve the Property;

    (3) THIRD, as provided under the Loan Documents to the payment of the reasonable fees, expenses and extraordinary fees and expenses of Plaintiff, including reasonable attorneys' fees and expenses, not otherwise paid or reimbursed to Plaintiff by Defendant;

    (4) FOURTH, to the payment of the indebtedness payable by Defendant under the Loan Documents; and

    (5) FIFTH, to the funds to be held by the Receiver in federally insured, interest- bearing accounts, pending further order of this Court.

b) <u>Rights and Obligations of Plaintiff</u>.   The payments required in the Third and Fourth subparts of Paragraph 7.a above shall be made by the last day of each month commencing the first full month following entry of this Order; <u>provided</u>, <u>however</u>, that nothing in this paragraph shall require the Receiver to pay Plaintiff any amount if the funds the Receiver receives are not sufficient to cover all amounts specified in the First and Second subparts of Paragraph 7.a above and sufficient funds that the Receiver deems reasonable to cover one month of the expenses of the receivership in accordance with the Budget or otherwise approved by Plaintiff. Plaintiff shall have no obligation or liability, at law or equity, to any person for petitioning for the appointment of a receiver or in connection with, or as a consequence of, the Receiver's actions or inactions in this matter (including its failure to pay any supplier, vendor, or other creditor of the Property or the Receivership Estate).  In the event revenues or proceeds for the Property are insufficient to pay the liabilities incurred by the Receiver (or any successor receiver, bankruptcy trustee, or otherwise), Plaintiff shall have no liability or other obligation to any such party for amounts that such party believes it is owed on account of the operation of this receivership.

c) <u>Payment Limitations</u>.   Notwithstanding Paragraphs 7.a and 7.b above, the Receiver shall make no payment that exceeds $5,000.00 for any one item (excluding property taxes, emergency repairs, monthly or recurring operating charges, or any expense included in the Budget previously approved by Plaintiff), or which exceeds more than ten (10%) percent of the amount budgeted for any particular line item on the Budget, without the written consent of Plaintiff, or further order of this Court after notice to the parties and an opportunity for hearing.

8) **<u>Compensation of Receiver</u>**.  The Receiver's compensation for services under this Order, not

including any fee of any broker, auctioneer, attorney, or accountant retained by the Receiver, shall be in accordance with the fee schedule set forth in <u>Exhibit 4</u> to the Receivership Motion. The Receiver and those employed by the Receiver shall furnish Plaintiff and other parties to this action with copies of their invoices for services rendered and expenses incurred on a monthly basis. The payment of fees and expenses to the Receiver shall be on an interim basis, subject to final approval by this Court, and the Court retains jurisdiction to award a greater or lesser amount as the full, fair, and final value of such services. When the Receiver files its final report and motion for discharge, the Receiver shall file with this Court a fee application for final approval of the fees and expenses paid to the Receiver during the pendency of the receivership. Plaintiff's right to object to any fees and expenses as unreasonable is preserved. To the extent that the funds received by the Receiver pursuant hereto are insufficient to pay the Receiver amounts incurred by the Receiver in accordance herewith, the Receiver shall have a charge against the Property, which charge shall have priority over all claims of any claimants or creditors of Defendant; <u>provided</u>, <u>however</u>, that any right, claim, or charge of the Receiver shall be co-extensive with and *pari pasu* with the rights and claims of Plaintiff for the payment of its fees and expenses, including Plaintiff's attorneys' fees (in accordance with the Loan Documents).

9) **<u>Reporting Requirements of the Receiver</u>.** The Receiver shall maintain an accounting and keep accurate records concerning the Receivership Estate from the date of entry of this Order. Among the records to be kept are the actual revenues collected and expenses paid each month, and any other records which may be required by any law, or would be reasonable and prudent to keep under the circumstances. Such records shall be made available, upon reasonable request and notice, to Plaintiff and Defendant, and shall be included in the quarterly reports made to this Court. In addition, the Receiver shall also file the following reports with the Court:

   a) <u>Inventory of Receivership Estate</u>. The Receiver shall conduct an inspection of the Property and shall perform a complete inventory of the Property coming under its control or possession

under this appointment. Such inspection and inventory shall be conducted jointly and with the cooperation of Defendant and/or its designated agent or representative (to the extent the same are available). Within thirty (30) calendar days of this Order, the Receiver (joined by the agent or representative of Defendant, to the extent available), shall file with this Court a true and complete inventory of all property in its possession pursuant to this Order, and any other property which may subsequently come into its possession. The Receiver shall also conduct periodic accounts thereafter.

b) <u>Quarterly Report</u>. Commencing on the twenty-fifth (25th) day of the third full month following entry of this Order, and continuing on the twenty-fifth (25th) day of every third month thereafter during the pendency of the receivership, the Receiver shall file with this Court and serve on Plaintiff, Defendant, and the respective counsel in this case, report(s) concerning the operation and financial performance of the Property for the prior quarter, in such form and with such content as Plaintiff hereafter reasonably requires. The quarterly reports shall include (a) a listing of significant events occurring during the relevant period as well as any actions taken by the Receiver during that time; (b) a statement of the receipts and expenditures since the last report; (c) the current accounts receivable and accounts payable related to the Property; (d) a statement of all cash held or invested by the Receiver and the manner in which it is held and/or invested; (e) an inventory and account of any additional property or effects which it has discovered or which shall have come into its hands since its appointment; and (f) the balance due from or to the Receiver since the rendering of its last account.

10) **<u>Turnover of Property</u>.** Defendant and its independent contractors and agents, and all persons in active concert and participation with them, including officers, directors, employees, agents, accountants, attorneys, insurers, utilities, and banks, are ordered to deliver immediately over to the Receiver or its agents, whenever received, all property in the Receivership Estate, including, without limitation, the Property, any and all cash, Revenues, rental payments, and lease payments, keys to any aspect of the Property (including to all outbuildings and machinery located upon the Property or used in the operation and maintenance of the Property), accounts receivable, security deposits, trust accounts, bank accounts, personnel files, operations manuals, financial records, payroll records, certificates and licenses, contracts, leases, books, insurance certificates, binders, or other records relating to the operation, maintenance, and management of the Property, fixtures, inventory, supplies, furniture, and equipment used or associated therewith, and all other things of value relating to the Property and necessary to permit the Receiver to carry out its duties under this Order without interference or delay. Rents and security deposits received by Defendant or

9

any of its agents shall be deemed held in trust for the benefit of the Receivership Estate and shall be delivered to the Receiver within the later of two (2) business days after the date this Order is entered or two (2) business days of receipt by Defendant. Any security deposit or other deposits which tenants have paid to Defendant or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Defendant, and may not be refunded by the Receiver without further order of Court. Any security deposits which the tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of the applicable leases or agreements, shall be refunded by the Receiver in accordance with the terms of the applicable leases or agreements.

11) **Turnover of Funds.**

   a) <u>Funds Held by Defendant, Its Agents, and/or Its Affiliates</u>. Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective successors, assigns, agents, or any persons or entities claiming by, through, or under any of them, are hereby required to pay and turn over immediately to the Receiver, and to perform all acts necessary to transfer to the Receiver, all funds on hand in cash and all funds held in deposit accounts of or for the benefit of the Receivership Estate arising from the ownership, possession, or operation of the Property and all accounts, accounts receivable, and any other collectibles and all keys, books, records, equipment, and all things in any manner related to the ownership, possession, or operation of the Property.

   b) <u>Funds Held by Third Parties</u>. Any bank, savings and loan association, broker, escrow agent, title company, and any other financial institution or other entity, wherever located, which is served with a copy of this Order shall, within ten (10) calendar days of being provided with a copy of this Order, turnover or transfer to the Receiver all property and/or funds properly belonging to the Receivership Estate which are in such party's possession, custody, or control, together with all records relating to such property and/or funds.

12) **Injunction Against Defendant**. Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective management, members, partners, shareholders, board of directors, and all of their respective successors, assigns, employees, agents, attorneys, or any persons or entities claiming by, through, or under any of them are hereby enjoined from:

a) Possessing, managing, or controlling any part of the Receivership Estate and from interfering in any way with the possession or management of the Property by the Receiver, including terminating or causing to be terminated any license, permit, lease, contract, or agreement relating to the Receivership Estate or the operation of the Property, including, without limitation, any insurance policy or agreement with any utility;

b) Collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of any part of the Receivership Estate, including cash, any portion of the Property, and the proceeds derived therefrom, including, without limitation: (i) collecting any Revenues, rents, issues, proceeds, or profits from the Receivership Estate; (ii) withdrawing funds from any bank or other depository account relating to the Receivership Estate; (iii) causing the cancellation or termination of any policy of insurance; (iv) directing the remittance of any premium refund or any funds generated or payable on account of such termination of any such policy; or (v) causing any change or cancellation of any agreement with any utility for the provision of electricity, gas, water, telephone or cable services to any part of the Property; Removing any property from the Property and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Receivership Estate. Defendant and its agents are expressly charged with the duty of advising all banks, depositories, insurance companies, utilities, and creditors, if requested to do so by the Receiver, of the contents of this Order, and its agreement that the Receiver be given full and sole access to all accounts, contracts, or other rights and entitlements which previously inured to the benefit of Defendant and/or its agents; and

c) Filing any petition under the United States Bankruptcy Code, as this right is in the exclusive purview of the Receiver.

d) Except as provided in this Order or as expressly consented to by Plaintiff in writing, Defendant is prohibited from dealing with the Property in any manner.

13) **<u>Claims Against Receivership Estate Against Creditors</u>**.  In the event that either the Receiver or Defendant is served with process or are otherwise notified of any pending lawsuit which could result in a lien or charge against the Receivership Estate if reduced to judgment, or which could adversely affect the possession of the Receiver of any of the Receivership Estate, the Receiver shall notify the plaintiff in such case of this Order, and such plaintiff shall serve a claim upon the Receiver.  Defendant shall fully cooperate with the Receiver in notifying the Receiver and Plaintiff of any such claim made by legal process upon it by immediately contacting the Receiver and Plaintiff and making the Receiver and Plaintiff aware of the pendency of any such action. The Receiver may petition this Court for any orders necessary (including for contempt) of any violation of this Order by Defendant, any creditor, or any other party.

14) **No Discrimination.**  No person or entity shall discriminate with respect to Defendant or the Receiver on account of the appointment of the Receiver in this proceeding. No government entity shall deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to Defendant solely because the Receiver has been appointed pursuant to this Order.

15) **Limitation on Receiver's Duties.**  With the exception of performing the Projects that have already commenced at the Property or those specified or contemplated under the Loan Agreement, the Receiver shall not be obligated to upgrade the Property or to make any improvements thereto, unless and until either directed by Plaintiff in writing or ordered to do so by the Court.  The Receiver shall not be obligated to contribute its personal funds in the performance of its duties hereunder, and the receivership is to be conducted solely from the funds arising from the Receivership Estate.  No obligation incurred by the Receiver shall be its personal obligation.

16) **Inspection of Receivership Estate.**  The Receiver shall permit Plaintiff, upon reasonable request and notice, to fully inspect the Receivership Estate and the books and records kept in connection with the operation of the Property.

17) **Reservation of Rights by Plaintiff.**  Following the entry of this Order, Plaintiff shall retain all rights and remedies under the Loan Documents and applicable law, and all such rights and remedies are hereby preserved.  Specifically, and without limiting the preceding sentence, the Court hereby authorizes Plaintiff to exercise its remedies to sell all or any part of the Receivership Estate as necessary in its sole discretion in accordance with the Loan Documents, including, but not limited to, by way of foreclosure, sale, or lease, as well as any and all other rights and remedies provided for under the Loan Documents, at law, or in equity.

18) **Distribution of Sale Proceeds.**  In the event the Property and/or any part of the Receivership Estate is sold by way of sale by the Receiver, after deducting expenses incurred in connection

therewith, all proceeds of such sale shall be held in escrow by the Receiver, unless otherwise ordered by this Court.

19) **No Duty to Defend Defendant.**  The appointment of the Receiver extends only to the Property and the Receivership Estate and does not impose upon the Receiver any affirmative duty to act on behalf of or defend Defendant.  Notwithstanding any other provision hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of Defendant or file other regulatory or other governmental reports on behalf of Defendant.  Responsibility for such filing remains with Defendant.

20) **Supplemental Direction or Instruction.**  The Receiver shall undertake any and all additional duties as this Court may provide by its orders.   Plaintiff or the Receiver (for as long as this Order remains operative) may, from time to time, request that the Court enter additional orders to supplement, clarify, effectuate, or amend this Order, or to provide further direction to the Receiver.

21) **Taxpayer Identification Numbers.**  The Receiver may use any federal taxpayer identification numbers of Defendant relating to the Property for any lawful purpose.

22) **Collection of Mail.**  The Receiver may take any and all steps necessary to receive, collect, and review all mail addressed to Defendant or any of its agents which the Receiver has reasonably determined may contain invoices related to the operation of the Receivership Estate or Revenues to which the Receiver is entitled as set forth herein, and the Receiver is authorized to instruct the United States Postmaster to reroute, hold, and/or release such mail to the Receiver.  Upon request, mail received by the Receiver in the performance of its duties will be made available promptly to the addressee after review by the Receiver, provided, however, the Receiver shall be further authorized to remove, take possession of, endorse, and negotiate all checks or other instruments payable to Defendant or any of its agents pertaining to the Property, the Receivership Estate, or

the Revenues.

23) **Court Permission for Suit.**  No individual or entity may sue the Receiver for any alleged breach of its duty pursuant to this appointment without first obtaining the permission of this Court.

24) **Service of This Order.**  Plaintiff shall forthwith provide a copy of this Order, as entered by the Court, to Defendant or Defendant's counsel of record in this matter (if counsel entered his or her appearance) via first-class mail, electronic mail, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx).  The Receiver shall provide a copy of this Order via first-class mail, electronic mail, facsimile, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx) to the applicable taxing and utility authorities and any persons in possession of any part of the Receivership Estate or otherwise affected by this Order.  Upon service of this Order upon any person or entity, or any employee or agent of such person or entity, such person shall be deemed to be required to comply with all of the terms of this Order from the moment of service upon such person, entity, agent, or employee until the Court shall have relieved such person from the terms of this Order by way of a subsequent order.  "Service" shall constitute oral or written notice of this Order in any form (including by facsimile or electronic mail) to the office of any person to be bound thereby.

25) **Retention of Jurisdiction.**  Except as otherwise provided herein, this receivership action shall continue until further order of this Court.  This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties, and obligations of the Receiver or any other party affected by this Order, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper.  The provisions of this Order shall survive entry of judgment and shall govern with respect to any conflict with any subsequent order of Court, irrespective of whether this case is dismissed, stayed, or transferred.

                                                /s/ Gerald Austin McHugh
                                                United States District Judge