IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ICON PSG 1 FL, LLC** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 25-44** |
| | : | |
| **JENKINS COURT REALTY CO., L.P.** | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                                          **July 18, 2025**

      This is a foreclosure action where the Court previously held that the appointment of a receiver was warranted, as authorized by the controlling loan documents and based upon a showing that the Plaintiff's interest could not be adequately protected if Defendant continued to manage the property at issue.

      Defendant was ordered to render an accounting and transfer records when the receivership was established in February, 2025, ECF 13, and when it failed to comply a second order was entered in May, 2025 again directing Defendant to render an accounting and transfer records. ECF 28. The Receiver now returns with a motion seeking a finding of contempt against Defendant and its principal, Phillip Pulley, because no accounting has been rendered, and the records it has received are inadequate to allow for competent management of the property.

      "Proof of contempt requires a movant to demonstrate '(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order.'" *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (citations omitted). These elements must be proven by clear and convincing evidence, but "an alleged contemnor's behavior need not be willful in order to contravene the applicable decree . . . In other words, good

faith is not a defense to civil contempt." *Id.* Here, following an evidentiary hearing, Defendant's contempt is self-evident. There is no dispute about the validity of the order requiring an accounting, Defendant's knowledge of it, or the fact that no accounting has been rendered. Defendant's vague excuse that it requires information from the Receiver makes no sense, both because it would appear to have electronic versions of whatever it previously produced, and it has not even attempted to prepare an accounting. Separately, it is clear that critical information was withheld from the Receiver, because there is a pending tax appeal that affects the subject property, and that information was never disclosed. Counsel's attempt to deflect blame from his client by claiming that he viewed the matter inconsequential because it was "dormant" is nonsensical.

Beyond that, from the Court's review of what has been produced, approximately 280 documents, there is substantial reason to believe that critical management documents have been withheld. Among the items identified by the Receiver, it has not received (1) financial reports for 2023 and 2024; (2) tenant ledgers showing rents as of February 21, 2025; (3) rent rolls as of February 21, 2025; (4) bank statements as of February 21, 2025; (5) access and login information for the control system and DVR; (6) phone line account information for the line serving the elevators; and (7) CAM (Common Area Maintenance) Reconciliations for 2023. It is inconceivable that such records do not exit, and vague explanations about records lost because of a plumbing leak in 2022 sheds no light on documents that logically would have existed at a later point in time.

I found Mr. Pulley to be an evasive witness who offered no credible explanation for how the property could have been operated if in fact the documents requested by the Receiver did not exist. And the tone and tenor of his testimony was that the Receiver should have been able to obtain necessary information from what was produced, such as a General Ledger, which strongly

implies that he is being selective in his compliance with this Court's order.  In evaluating the credibility of Mr. Pulley's testimony, I also take judicial notice that he is a convicted felon, having pleaded guilty in this Court to one count of voter registration fraud, two counts of voter fraud, and one count of voting more than once in the same federal election.  *See United States of America v. Philip C. Pulley*, No. 24-cr-288, ECF 8, 20 (E.D. Pa. 2024).

    The contempt order accompanying this memorandum is mild, considering the blatant lack of cooperation on Mr. Pulley's part.  In adjusting his behavior, he should take note of the Court's growing impatience with his conduct.

     /s/ Gerald Austin McHugh  
United States District Judge