IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ICON PSG 1 FL, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JENKINS COURT REALTY CO., L.P.,**<br><br>Defendant. | :<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO. 2:25-cv-00044-GAM<br>:<br>:<br>:<br>:<br>: |

**DECLARATION OF RAYMOND A. QUAGLIA
IN FURTHER SUPPORT OF RECEIVER'S MOTION TO
MODIFY THE LEASE OF JENKINS STORAGE, LLC**

Pursuant to 28 U.S.C. § 1746, Raymond A. Quaglia hereby declares as follows:

1. I am a partner with the law firm of Ballard Spahr LLP ("Ballard Spahr") and lead counsel for the Court-appointed receiver, Trigild IVL, LLC (the "Receiver"), in this commercial mortgage foreclosure action.

2. I respectfully submit this Declaration to supplement the record with respect to the service of the Receiver's motion to modify certain leases (ECF Doc. No. 32) (the "Lease Modification Motion") upon non-party Jenkins Storage, LLC ("Jenkins Storage"), as required by the Court's Order entered on July 21, 2025 (ECF Doc. No. 46).

3. At the hearing on the Lease Modification Motion conducted by the Court on July 1, 2025, Philip Pulley represented to the Court that Jenkins Storage is owned by Warren Silverman and that the relationship between Defendant and Jenkins Storage "was just a regular landlord/tenant type relationship." *See* Hearing Tr. 45:8-45-9.

4. When asked by the Court "how is it that your name was on the lease for both landlord and tenant if it's Mr. Silverman's company and Mr. Silverman's space?", Mr. Pulley

responded: "I don't know, Your Honor, unless I signed it in the wrong place or something." *See* Hearing Tr. 48:14-48:18.

5.  While not disclosed by Mr. Pulley, it appears from the public record that Mr. Silverman is Mr. Pulley's brother-in-law, having married Mr. Pulley's sister, Jacquelyn. For example, the published 2012 obituary for Phyllis Pulley, a copy of which is attached hereto as ***Exhibit A***, identifies Ms. Pulley as "mother of Stephen (Kathleen) Pulley, Philip (Devra) Pulley and Jacqueline (Warren) Silverman."

6.  The most recent lease document executed by Jenkins Storage is a Subordination, Nondisturbance and Attornment Agreement recorded on October 16, 2023 (the "<u>SNDA</u>"), a copy of which is attached hereto as ***Exhibit B***.[1]

7.  The SNDA, which was signed by Mr. Pulley and Mr. Silverman (with both signatures notarized by Jacquelyn (Pulley) Silverman), provides that any notices directed to Jenkins Storage be addressed to:

> Jenkins Storage LLC
> 610 Old York Road, G100
> Jenkintown, PA 19046
> Attention: Michael Yanoff, Esquire

*See* Ex. B (SNDA) at p. 3.

8.  Consistent with the SNDA's notice provision, we caused a copy of the Lease Modification Motion and related documents to be hand-delivered to Jenkins Storage at its address of record on July 22, 2025, and emailed to Mr. Yanoff on July 23, 2025. *See* Declaration of Service (ECF Doc. No. 47).

---

[1] The SNDA was previously filed by Defendant as part of its opposition to the Lease Modification Motion. *See* ECF Doc. No. 34-7 at pp. 11-19.

9. The Receiver subsequently received a letter from Jenkins Storage dated August 1, 2025 (the "Jenkins Storage Letter"), a copy of which is attached hereto as **Exhibit C**, which was signed by Mr. Silverman but bears a strong resemblance in style and tone to other letters that the Receiver has received from Mr. Pulley.

10. The Jenkins Storage letter states in relevant part that "we have now had to hire a Lawyer to defend against your unlawful actions in regards to the Lease. This is a retainer of $25,000.00." *See* Ex. C (Jenkins Storage Letter) at p. 2. It appears that Jenkins Storage is claiming a rent offset for the amount of the alleged retainer.

11. While the Jenkins Storage Letter is not a model of clarity, we respectfully submit that its timing and its reference to the Receiver's "actions in regards to the Lease" reflect Jenkins Storage's receipt and actual knowledge of the Lease Modification Motion.

12. We have not been contacted by an attorney or anyone else on behalf of Jenkins Storage with respect to the Lease Modification Motion.

13. Under these circumstances, and given Jenkins Storage's continued failure to respond to the Lease Modification Motion (despite having allegedly retained counsel more than one month ago), we respectfully renew the Receiver's request that Section 17.01 of Jenkins Storage's lease be modified to delete the phrase "one thousand (1000) days" and replace it with "ten (10) days."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 4, 2025                    /s/ *Raymond A. Quaglia*
                                            Raymond A. Quaglia